UNITED STATES DISTRICT COURT

Northern District of California

R.K., a Minor, by and through TONY KO, his guardian ad litem,

                Plaintiffs,

  v.

CITY OF HAYWARD, CALIFORNIA,

                Defendants.
_____/

No. C 05-01686 MEJ

**ORDER RE: ISSUE TO BE ADDRESSED AT JULY 30, 2009 HEARING**

Pending before the Court is Defendant City of Hayward's Motion for Summary Judgment (Dkt. #64). Oral argument on the Motion is set for July 30, 2009. In reviewing the parties' briefs on the pending Motion and the record to date, the Court submits the following question, which counsel should be prepared to address during oral argument.

Plaintiff R.K.'s[1] Complaint asserts a claim against the City of Hayward for violation of Plaintiff's Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. According to Plaintiff's Complaint, Plaintiff is alleging that the public officers and/or employees of the City of Hayward were acting pursuant to a custom, policy and/or practice when they "unlawfully and without warrant, probable cause, or other justification or circumstances justifying same and under color of the laws of the State of California, seized the person of plaintiff [R.K.] and transported him to their detention and/or office facility." (Compl. ¶10.)

In its Motion for Summary Judgment, Defendant argues that: (1) that there was no Fourth Amendment violation because Officer Pierce had reasonable and probable cause to effect the

---

[1] Plaintiff R.K. is a minor. Pursuant to Civil Local Rule 3-17, "If the involvement of a minor child must be mentioned in a pleading or other paper filed in the public file, only the initials of that child should be used." The Court will refer to Plaintiff accordingly.

warrantless detention of R.K.; (2) there was no Fourteenth Amendment violation because Hayward employees complied with California Welfare & Institutions Code requirements regarding warrantless temporary detentions of minors, and (3) if any violations did occur, they were done by Eldridge School administrators.  Defendant, however, does not address Plaintiff's allegations that its employees were acting pursuant to a policy, practice, or custom, nor does Plaintiff raise any arguments on this issue in his Opposition.

The omission of any discussion about the existence of a policy, practice, or custom is particularly troubling because Plaintiff has only named the City of Hayward - a municipality - as a defendant in this matter.  In *Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978), the Supreme Court held that municipal entities are subject to § 1983 liability, but not on the basis of respondeat superior.  Accordingly, to hold a municipality responsible for the acts of its employees or agents, the plaintiff must prove that the deprivation of rights occurred in the execution or implementation of some local governmental policy or custom, or part of a widespread practice.  *See id*.  As indicated above, Defendant's Motion focuses on whether individual Hayward employee's actions were justified, even though the individuals were not personally named as defendants, and completely ignores the over-arching *Monell* liability issue.

Both parties shall come prepared to discuss this issue in light of both the pending Motion for Summary Judgment and the prosecution of this case.

**IT IS SO ORDERED.**

Dated: July 29, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge

2